(24 Civ. Proc. R. 307; 11 Misc. Rep. 646.)

## NEW YORK BOARD OF FIRE UNDERWRITERS v. METROPOLITAN LLOYDS OF NEW YORK CITY.

(Supreme Court, Special Term, New York County.   March 26, 1895.)

1. STATUTES—PUBLIC OR PRIVATE ACT—CREATING CORPORATION.
Laws 1867, c. 846, incorporating the New York Board of Fire Underwriters, is a public act so far as it authorizes the board to provide a fire patrol, to be under the control of the fire department while on duty at a fire, with "suitable apparatus to save and preserve property or life at and after a fire," and gives the patrol full power "to enter any building on fire, or which may be exposed to or in danger of taking fire from other burning buildings"; such statute being a delegation of police power.

2. CONSTITUTIONAL LAW—INCORPORATING BOARD OF FIRE UNDERWRITERS.
Laws 1867, c. 846, incorporating the New York Board of Fire Underwriters, is constitutional.

Action by the New York Board of Fire Underwriters against the Metropolitan Lloyds of New York City, Beecher & Co., as chief executive officer thereof, performing corresponding functions of treasurer.   Defendant demurs to the complaint.   Overruled.

John Berry, for plaintiff.

W. C. Beecher, for defendant.

BEEKMAN, J.   Upon a careful examination of the questions raised by the demurrer in this case, I have come to the conclusion that I would not be justified in rejecting the complaint as insufficient, although it rests quite upon the border line.   If the statute upon which the plaintiff relies for his cause of action is a private act, it certainly has not been properly pleaded under section 530 of the Code of Civil Procedure, which requires the title of the act to be set forth, as well as its chapter and year of passage, where that form of pleading is resorted to.   I am, however, inclined to the view that the act in question is a public act; at least so far as the portions of it upon which the cause of action rests are concerned. It is, at times, difficult to determine in which category a particular statute falls.   Abbott, in his Law Dictionary, defines a private act to be "an enactment which does not affect the public at large, but bears upon individuals only; such as an act settling the title to or authorizing the sale of a particular parcel of land; an act allowing a person's claim against government and directing payment."   Sedgwick, in his work on Statutory Construction, says: "In this country the disposition has been, on the whole, to enlarge the limits of the class of public acts, and to bring within it all enactments of a general character, or which in any way affect the community at large."   This disposition is illustrated by the remark of the chancellor in the case of Bank v. Smedes, 3 Cow. 662, in which he says that he is not prepared to admit that "a law incorporating a bank, without declaring the law to be a public statute, is a private act, which must be recited in every suit against the corporation.   These institutions," he remarks, "are public in their nature and character, and their operations affect the whole community."   It is also a recognized principle that a private act, which

contains some provisions of a public nature, is pro tanto a public act. Now, in the case at bar, while the act in question is entitled "An act to incorporate the New York Board of Fire Underwriters," and, as its title imports, confers corporate capacity upon that board, with functions largely of a private nature, certain powers are also vested in the corporation which directly affect and concern the interests of the public at large. These powers relate to the organization and operations of the fire patrol in this city. By section 7 of the act (chapter 846, Laws 1867) the board is authorized to provide a patrol of men to discover and prevent fires "with suitable apparatus to save and preserve property or life at and after a fire." Full power is given to them, in the performance of their duties, "to enter any building on fire, or which may be exposed to or in danger of taking fire from other burning buildings," and they are placed under the control of the fire department while on duty at a fire. The state has thus delegated to this body a certain measure of its police power, and every member of the community shares, with all others, the beneficial enjoyment of the protective service which the fire patrol thus renders, and every owner of property is subject to the exercise of this right to enter upon his property in the cases above specified. These provisions fairly bring the act in question, at least so far as the sections which bear upon the cause of action are concerned, within the class of public statutes.

The difficulty the defendant's counsel seems to find in determining who are the other organizations and agencies referred to in section 8 of the act as "hereinbefore mentioned" is solved, I think, by the first sentence of the section, which mentions, among those who are entitled to attend the plaintiff's biennial meeting, incorporated insurance companies or associations doing business in the city of New York, whose officers or agents are not members of the plaintiff corporation. It is the evident intention of the act that the right to participate in the meeting, which is to determine whether the fire patrol shall be continued, shall be enjoyed by all who are subject to assessment for its maintenance. It would also seem clear that the word "association," as used in the section, imports an unincorporated body, because we find in the following section the same word evidently used to denote something different from a corporation.

Upon the question of the constitutionality of the act, I am of the opinion that the objection raised is hardly tenable. The legislature has the power to regulate the insurance business. In fact it has done so by adopting a voluminous law upon the subject, and providing for state supervision. The provision, in the act under discussion, for an assessment upon those engaged in the business in this city for the support of fire patrol, in proportion to premiums received, may well be sustained in view of the public nature of the service rendered, and the great and peculiar benefit received from it by insurers whose losses upon policies are largely reduced by its efficiency. At all events, I should not undertake at special term to pronounce the act to be unconstitutional without much plainer evidence of the fact than I find to exist.

The objection that the action cannot be maintained in the form in which it has been brought, because the Metropolitan Lloyds has neither president nor treasurer, is not tenable.    It may be true, as the complaint shows, that it has no such officer eo nomine, but the allegation that Beecher & Co. perform "corresponding functions of a treasurer" sufficiently designates them as such, although they may not bear the title.    Upon the whole, I think that the complaint is sustainable, and that the demurrer should be overruled, with leave to the defendant to answer within 20 days on payment of costs.