SUTTER, Administrator, Respondent, vs. MILWAUKEE BOARD
OF FIRE UNDERWRITERS, Appellant.

*November 18—December 7, 1915.*

*Municipal corporations: Charitable corporations: Board of fire under-
writers: Liability for negligence of employees.*

1. A municipal corporation, as it exists in this state, is a body cor-
   porate consisting of the inhabitants of a designated area, cre-
   ated by the legislature, with or without the consent of such
   inhabitants, for governmental purposes, possessing local legis-
   lative and administrative power and power to exercise within
   such area so much of the administrative power of the state as
   may be delegated to it, and possessing limited capacity to own
   and hold property and to act in purveyance of public conven-
   iences.
2. A board of fire underwriters incorporated pursuant to sec. 1922,
   Stats., is not a municipal corporation, and is liable for negligent
   acts of members of a fire patrol, established and controlled by it,
   in performing the duties of such patrol.
3. Such a board is not a charitable corporation nor a business cor-
   poration performing charitable duties as to which the rule of
   *respondeat superior* does not apply. Effort made or work done
   in furtherance of private interest does not become charity be-
   cause such effort or work at the same time promotes the public
   interest.
4. A private corporation acquires no immunity from liability for the
   acts of its employees when such acts are performed under its
   direction in aid of its private interest, although the services per-
   formed might be governmental if performed by a municipal cor-
   poration and by a public officer.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Quarles, Spence &
Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argu-
ment by *Mr. Fish.*

For the respondent there was a brief by *Otjen & Otjen,*
and oral argument by *Henry H. Otjen.*

TIMLIN, J.    To a complaint averring that the defendant
is a corporation organized and existing under and by virtue

of ch. 146, Laws 1872, ch. 73, Laws 1878, and secs. 1923, 1924, 1925, R. S. 1878, and containing by attached exhibits the articles of incorporation, by-laws, and rules of the defendant, and also an averment in sufficient form that one of defendant's employees, in discharge of the duties of such employment, negligently caused the death of plaintiff's intestate, the defendant demurred. The demurrer was overruled, and this appeal from the order followed.

Sec. 1922, Stats., authorizes any three or more agents or underwriters, lawfully doing the business of fire insurance in any city, to become incorporated as a board of underwriters under the general incorporation laws of this state for the usual purposes for which such boards are established. This board is permitted to establish a fire patrol in any city wherein it is located. The patrol is under the control of the board. It is made the duty of the patrol "to discover and prevent fires and to save and preserve life and property at and after fires." The patrol has the right to enter any building on fire or which may be in danger of taking fire from other burning buildings; subject to the control of the chief of the fire department of the city. The corporation may impose an assessment on its members to pay the expenses of maintaining said patrol. Secs. 1923, 1924, 1925, Stats. The defendant is such a corporation.

The first contention of appellant's counsel is that defendant is a municipal corporation. The argument in support of this is more erudite and interesting than convincing. It should be borne in mind that the meanings of words change with time. Archaic definitions, except when they relate to obsolete words or words from dead languages, which words are no longer in popular use, are of little value in arriving at the meaning of modern statutes, and such definitions may be very misleading. A municipal corporation in Wisconsin today is of the kind mentioned in art. XI of our constitution. The words now mean a body corporate consisting of the in-

habitants of a designated area, created by the legislature, with or without the consent of such inhabitants, for governmental purposes, possessing local legislative and administrative power, also power to exercise within such area so much of the administrative power of the state as may be delegated to it, and possessing limited capacity to own and hold property and to act in purveyance of public conveniences. It seems obvious that the defendant is not such a corporation.

The defendant further contends that if the corporation is not a municipal corporation it is a charitable corporation and therefore not responsible for the negligence of its servants in carrying out the public duty of saving life and property at a fire. It is to be observed, however, that only persons who have, directly or as representatives of others, a pecuniary interest in saving property and in preventing the spread of fire, are eligible as members of this corporation. Their work and that of their servants, while it advances their private interest, also advances the public interest. This is not an unusual concomitant of selfish acts, as a little reflection will show. The defendant is clearly not a charitable corporation, because it is not organized under ch. 91, Stats. 1913, which provides for the organization of charitable corporations. Corporations whose functions are apparently charitable may also, it is true, be organized under sec. 1771, Stats. Neither is it a business corporation performing charitable duties. This corporation is not interested in saving life, but, apparently in order to harmonize its efforts with that of the regular fire department and prevent any conflict of interest or duty, the statute imposes duties upon the patrol mentioned similar to those imposed upon the regular fire department of the city. Effort made or work done in furtherance of private interest does not become charity because such effort or work at the same time promotes the public interest. Charity has been many times defined since Saint Paul gave his world-famous definition to the Corinthians, but no definition yet at-

tempted, we think, includes the work, in his own interest, of the great inventor, the eminent physician, or the corporation (sec. 1494, Stats.) for the prevention of horse stealing, or the work of the incorporated detective agency. Even a municipal corporation, when engaged in the performance of duties not governmental, is responsible for the negligence of its servants. *Piper v. Madison,* 140 Wis. 311, 122 N. W. 730; *Weisenberg v. Winneconne,* 56 Wis. 667, 14 N. W. 871; *Mulcairns v. Janesville,* 67 Wis. 24, 29 N. W. 565.

A municipal corporation loses its immunity from liability for the acts of its servants when it engages in other than governmental duties, and a private corporation acquires no such immunity when it engages in a duty through a servant employed by it and under its direction in aid of its private interest, although the service performed might be governmental if performed by a municipal corporation and by a public officer. *Ill. S. Co. v. Novak,* 184 Ill. 501, 56 N. E. 566; *S. C.* 84 Ill. App. 641; *Dickson v. Waldron,* 135 Ind. 507, 524, 34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483; *King v. Ill. Cent. R. Co.* 69 Miss. 245, 10 South. 42; *St. Louis, I. M. & S. R. Co. v. Hackett,* 58 Ark. 381, 24 S. W. 881. Looking at the question from the viewpoint of precedent and authority, a corporation like the defendant has been held liable *respondeat superior* in *Newcomb v. Boston P. Dept.* 151 Mass. 215, 24 N. E. 39; *Bates v. Worcester P. Dept.* 177 Mass. 130, 58 N. E. 274, and *Coleman v. Fire Ins. Patrol,* 122 La. 626, 48 South. 130; all of which were cited in the elaborate opinion of the learned circuit judge given in support of his decision overruling the demurrer in this case. The following cases apparently announce a contrary doctrine: *Fire Ins. Patrol v. Boyd,* 120 Pa. St. 624, 15 Atl. 553, 1 L. R. A. 417; *Cole v. Fire Engine Co.* 12 R. I. 202; *Wood v. Quimby,* 20 R. I. 482, 40 Atl. 161. We think the better reason is with the Massachusetts and Louisiana cases.

*By the Court.*—Order affirmed.