SUTTER, Administrator, Appellant, vs. MILWAUKEE BOARD
OF FIRE UNDERWRITERS, Respondent.

*October 24, 1916—January 16, 1917.*

*Municipal corporations: Ordinances: Granting right of way on streets*
*to fire patrol: Police power.*

1. Although a board of fire underwriters organized, among other
   purposes, to maintain a fire patrol is not a municipal corpora-
   tion, yet such patrol, which under legislative authority assists
   the city in discharging a public duty and while so doing is sub-
   ject to the control of the head of the city fire department, may
   properly be given, by a city ordinance, the right of way over
   other vehicles (except those carrying United States mail) on
   the city streets when going to or returning from a fire.
2. Although in seeking, through such fire patrol, to "discover and
   prevent fires and to save and preserve life and property at fires,"
   the board of fire underwriters is primarily endeavoring to pro-
   tect its own business interests, that work is none the less a
   public work which, if performed by the city itself, would be gov-
   ernmental; and the fact that its performance is primarily in-
   duced by private interest does not affect the power of the city to
   protect and aid the service by passing said ordinance.
3. Secs. 1636—51, 1636—55, Stats., giving the owners of motor ve-
   hicles "equal rights upon all public highways of this state with
   all other users of such highways," does not preclude the enact-
   ment of such an ordinance or interfere in any way with the
   power of the municipality to make regulations as to the use of
   its streets in the proper exercise of the police power.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Action to recover damages for the death of Louis R.
Schultz, aged twenty-four, who was killed August 8, 1910,
in a collision between defendant's patrol wagon and the
motorcycle of the deceased on Eleventh street in the city of
Milwaukee. The jury found (1) that the bell or gong on
defendant's patrol wagon was sounded as it approached and
reached Eleventh street; (2) that the patrol wagon did not
approach and cross Eleventh street at an unreasonable rate

of speed; (3) that deceased was free from contributory neg-
ligence; and (4) damages in the sum of $2,500.   Judgment
for defendant was entered upon the special verdict, and
plaintiff appealed.

For the appellant there were briefs by *Otjen & Otjen,* and
oral argument by *H. H. Otjen.*   They cited *Louisville R. Co.
v. Louisville F. & L. P. Asso.* 151 Ky. 644, 152 S. W. 799.

For the respondent there was a brief by *Quarles, Spence
& Quarles,* attorneys, and *J. V. Quarles,* of counsel, and oral
argument by *J. V. Quarles.*

The following opinion was filed November 14, 1916:

WINSLOW, C. J.   The case was here before on a general
demurrer to the complaint (161 Wis. 615, 155 N. W. 127),
and it was then held that the defendant was not a municipal
corporation and had no immunity from liability for the neg-
ligent acts of its servants even though they were performing
duties which if performed by public officers would be govern-
mental and public.   It appeared upon the trial that an ordi-
nance of the city of Milwaukee provided that officers and men
of the defendant's fire patrol, as well as officers and men of
the city fire department, should have the right of way upon
the street when going to or returning from a fire, except over
vehicles carrying the United States mail.   The defendant's
patrol wagon at the time of the accident was going west on
Galena street towards Eleventh street in response to an alarm
of fire, the horses being on a gallop.   A little beyond the
center of the crossing of the two streets the wagon ran over
the deceased, who was coming from the north on Eleventh
street and crossing Galena street.

The trial court held that the ordinance was a valid ordi-
nance and charged the jury that under its terms the defend-
ant's patrol wagon had the right of way over the deceased
and that its driver had a right to assume that persons ap-
proaching Galena street would yield the right of way to him.

The question on this appeal is whether the court was correct in this position.    We think this question must be answered in the affirmative.

While the defendant is not a municipal corporation it is not a corporation, organized for private gain, but for the purpose of maintaining a fire patrol, whose duty it is to "discover and prevent fires and to save and preserve life and property at fires."    Secs. 1922, 1923, Stats.    This is a function which if performed by the city itself would be governmental or public.    *Engel v. Milwaukee,* 158 Wis. 480, 149 N. W. 141.

It is conceded that, if the city performs this duty with its own apparatus and employees, it may properly give them the right of way on the streets in order that the work may be more efficiently done.    There seems no reason why the city might not, if it thought best, contract with independent agencies to maintain fire apparatus and employees for the extinguishing of fires and the saving of property, retaining, of course, the power of control over their work; and if so it must follow that the city could also give such apparatus and employees the right of way over the streets.    To hold otherwise would be to hold that the city could not choose such a method except at the expense of efficiency.

In the present case a private corporation not organized for gain is, at its own expense and in pursuance of legislative authority, assisting the city in the discharge of its public duty; it is subject to the control of the head of the city fire department while it is discharging that duty; so far as the community is concerned it is practically a public agency doing a public work under public control.    The city cannot clothe that agency with immunity from its own negligence, but no reason is perceived either in law or morals why it may not in the interest of public welfare endow it with the same privileges on the public streets while engaged in public work as it gives to its own apparatus and employees engaged in the same work.

We do not consider that the general law giving the owners of motor vehicles the same rights on the public streets as all other users of highways (secs. 1636—51 and 1636—55, Stats.) interferes in any way with the power of the municipality to make regulations as to the use of its streets in the proper exercise of the police power. That law was evidently enacted to place motor vehicles on the same footing on the public streets with horse-drawn vehicles.

There is little authority on the subject. Under a peculiar constitutional provision in Kentucky a grant of right of way to a corporation of similar nature was held void, but the reasoning does not seem persuasive to us and there is no such constitutional provision in Wisconsin. A grant of similar nature in the charter of the city of New York was sustained by the courts of that state. *Duffghe v. Metropolitan St. R. Co.* 109 App. Div. 603, 96 N. Y. Supp. 324, affirmed in 187 N. Y. 522, 79 N. E. 1104, without opinion.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., took no part.

The appellant moved for a rehearing. The following opinion was filed January 18, 1917:

WINSLOW, C. J. If, as appellant's counsel vigorously urges, the statements of fact in the opinion in this case are absurd, then indeed they should be corrected regardless of the question whether counsel's strictures are either in good temper or good taste. This latter question we shall leave for him to consider for himself. Counsel says in effect that the present decision is in direct conflict with the decision upon demurrer to the complaint (161 Wis. 615, 155 N. W. 127) and that either the court was wrong then or wrong now. This contention makes it apparent to us that the opinion has not been understood. It may well be that this is the fault

of the writer, and it will be his endeavor now to make clear the court's position.

On the first appeal the city ordinance was not before the court. It stood admitted by the demurrer that the defendant's servants were guilty of negligent driving, and the only question was whether the immunity granted to municipal corporations while performing governmental acts was enjoyed by a private corporation doing similar acts. Upon this appeal a new fact is presented, namely, that the city has attempted to grant a right of way on the streets to the defendant's apparatus, which if valid justified the defendant's servants in driving as they did, and the question is whether the city could lawfully make this grant. Upon the first appeal the question was whether the defendant was immune from liability for its negligence, and it was answered in the negative. Upon the second appeal the question is whether the city could give the defendant the right of way over other vehicles on the streets, and this question is now answered in the affirmative. We are not able to perceive wherein these two decisions are inconsistent. There has been no intention of overruling or in any manner discrediting the former decision.

Special complaint is made of that part of the opinion which states that the defendant corporation is not organized for private gain and that it was assisting the city in the performance of a public duty. It is said, as the fact is, that this corporation is formed by the insurance agencies and companies carrying on the business of fire insurance in Milwaukee for the purpose of maintaining adequate rates, and correct practices in that business, and incidentally of maintaining the fire patrols in question for the purpose of saving property in case of fire, and thus reducing insurance losses. It is said that these are selfish rather than public purposes, and this also is true. It is not claimed, however, that the corporation has any capital stock, and it appears affirmatively

that the expenses of the patrol service are paid by assessment on the members. Perhaps it was not a happy use of language to say that the defendant was not organized for private gain, although it was strictly accurate in the sense that no dividends or other money returns would ever be received by its members from it. It is, however, expected that by its efforts the business of its members will be substantially benefited in various ways. In a broad sense this may perhaps be called private gain, and in this sense the defendant is organized for private gain. It is not perceived, however, how this affects the situation. The defendant in seeking to discover and prevent fires and to save life and property at fires is primarily endeavoring to protect its own business interests, very much as many of the property owners who became members of the old-fashioned volunteer fire departments were primarily moved to do so in order to protect their own property; but the work was and is none the less a public work, and a work which if performed by the city itself would be governmental. If the service be governmental in its nature, the fact that the defendant's private interest primarily induces its performance cannot logically affect the question of the power of the city to protect and aid the service by passing the ordinance in question.

*By the Court.*—Motion denied.