MILWAUKEE BOARD OF FIRE UNDERWRITERS, Appellant, vs. BADGER MUTUAL FIRE INSURANCE COMPANY, Respondent.

*December 6, 1938—January 10, 1939.*

For the appellant there were briefs by *Reginald I. Kenney,* attorney, and *A. B. Weller* and *B. J. Hays* of counsel, all of Milwaukee, and oral argument by *Mr. Kenney* and *Mr. Weller.*

*Orlaf Anderson,* attorney, and *Geo. H. Daum* of counsel, both of Milwaukee, for the respondent.

FOWLER, J.   The plaintiff corporation was organized in 1876 pursuant to ch. 146, Laws of 1872, which authorized the creation of corporations for purposes specified, and "any other lawful purpose" other than carrying on manufacturing, mercantile, transportation, banking, or insurance business or any trade except as provided for in the act, *by "five or more adult persons living in any county of this state:"* Its membership, according to its articles of incorporation then adopted, consists of its original members, if any survive as members, and such persons and corporations as since the organization have been elected to membership by a majority vote at regular meetings of the members.

The defendant is a mutual fire insurance company with its principal office in Milwaukee and insures property in the city. It requested and was refused membership in the plaintiff corporation. The plaintiff does not accept as members any mutual insurance companies.

Ch. 73, Laws of 1876, authorized "boards of fire underwriters" then or thereafter organized under the laws of the state to establish fire patrols and to provide for the expenses of their operation. As originally enacted said ch. 73 provided that in March of each year a meeting of which statutory notice by publication had been given should be held by each such corporation to determine whether a patrol should be maintained during the following year, and to fix the maximum expense of operation during the year if it was maintained. These matters were to be determined by "a majority of companies represented." *"Each insurance company, corporation, association, underwriter, agent, person, or persons doing a fire insurance business in the city"* was given "the right to be represented" and "each corporation represented" was entitled to one vote. Each of the entities above mentioned as having the right to be represented at the meeting was required under penalty to submit a sworn report twice a year of its receipts during the previous six months, and these reports constituted the basis of the assessments against the companies for operating expenses during the ensuing six months' period.

The original articles of incorporation read that "any regularly commissioned agent of a company or officer of a local company may become a member by a majority vote at any regular meeting of the members." In 1889 this paragraph was amended to read that "Any persons engaged in a local fire insurance business in said city of Milwaukee, being a regularly commissioned agent or an officer of a fire insurance company" may become a member of said corporation by

a majority vote of all the members present at any regular meeting. A provision was added that "the members of no one agency or the officers and agents and representatives of no one corporation shall be entitled collectively to more than one vote."

In the Revised Statutes of 1878 (sec. 1924) the fire-patrol statutes were amended to provide that "each corporation represented" at a fire-patrol meeting should "be entitled to one vote," which put *corporations* not members of the plaintiff corporation on an equality with corporations that were members in determining the questions whether a patrol should be maintained during the following year, and the amount to be expended, but not in any other matters. That is they had no voice in selecting the directors of the plaintiff corporation or those who should manage the patrol, or in fixing the territory served or the extent of the service rendered or the method of operating the patrol. When the statutes so stood the articles of the plaintiff corporation were amended to permit nonmember corporations represented at a patrol meeting to vote at such meeting.

In November, 1897, the articles of plaintiff respecting membership were again amended to provide that "any person engaged in a local fire insurance business in the *county* of Milwaukee [instead of in the city of Milwaukee as theretofore], being a regularly commissioned agent or officer of a fire insurance company, or a department manager" might become a member. The amendment also provided that "each insurance company, agent, or person doing fire insurance business in the said *county*" should be entitled to one vote at each fire-patrol meeting. It also recited that its "jurisdiction [extended] over said county of Milwaukee, excepting within the limits of any city or village in said county in which a local board of fire underwriters is now or may hereafter be established."

In 1902 the articles respecting membership were again amended by adding that the membership provisions should "in no manner affect or abridge the right of each insurance company, agent, or person doing a fire insurance business in said *county* to be present, and each corporation represented to have one *vote* at each annual fire-patrol meeting."

Judge GAUSEWITZ who tried the case in the civil court construed the 1897 amendment of the articles of incorporation, which extended the privileges of membership and thus extended the voting privilege of members to "each insurance company, agent, or person doing fire insurance business in said *county*" instead of limiting it to those doing business within the city present at the annual patrol meeting, as excluding the plaintiff from rights under the fire-patrol statutes, because the patrol statutes and the decisions of this court construing them limit the corporations to which the statutes apply to a single corporation in each city, and memberships to companies, agents, or persons doing an insurance business within the city.

We are of opinion that the civil court was right in holding that the 1897 amendment of the plaintiff's articles, under its extended membership provisions, exclude it from right to exercise the assessment privileges of the fire-patrol statutes if it had that right before. In two cases this court has had occasion to consider one aspect of the fire-patrol statutes. In arriving at the conclusion stated the civil court considered these cases and a decision of the supreme court of Minnesota, *Childs ex rel. Smith v. Firemen's Ins. Co.* 66 Minn. 393, 69 N. W. 141, 35 L. R. A. 99. The opinion of the Minnesota court went into the history of the incorporation of boards of fire underwriters, and from that history drew the inference that the legislatures in enacting the statutes providing for the incorporation of such boards considered that, (1) only one such board should be incorporated in any city;

(2) that its members should consist exclusively of those doing a fire insurance business in the city; and (3) that every one doing such business in the city should be entitled to membership. The civil court relied on the Minnesota case and on a statement in the opinion in *Sutter v. Milwaukee Board of Fire Underwriters,* 161 Wis. 615, 616, 155 N. W. 127. It is there said: "The corporation may impose an assessment *on its members* to pay the expenses of maintaining" the fire patrol. This implies that it may not assess that expense on nonmembers. Whether such expense might be imposed on nonmembers was not involved in the case, as the point of the case was merely as to liability of the corporation for injuries resulting from negligence of a driver of one of its vehicles in going to a fire. But the constant use of the phrases "in a city" or "in the city" in the language of the original fire-patrol statutes and in R. S. 1878, Anno. Stats. 1889, Anno. Stats. 1898, and the biennial revisions of the statutes down to the present support the conclusion reached by the civil court. In the original ch. 73, Laws of 1876, boards of underwriters there or thereafter lawfully organized as corporations were empowered "to establish a fire patrol in *the respective cities*" wherein located; those doing a fire insurance business *"in the city"* were given the right to be represented at the fire-patrol meeting; each corporation represented was given one vote; each person or corporation doing a fire insurance business *"in the city"* was obliged to furnish a sworn statement of the aggregate amount of premiums received for insuring property *"in the city."* If this report was not made at the time stated, demand was to be made *upon each person doing* a fire insurance business *"in the city."* Ch. 73 was incorporated in ch. 89, R. S. 1878. Sec. 1922, ch. 89, authorized any *three or more* agents or underwriters lawfully doing a fire insurance business *"in any city* of this state" to incorporate as a board of underwriters *"in such city."* Under sec. 1923 any incorporated board might estab-

lish a fire patrol *"in any city"* where located. By sec. 1924 notice of the annual fire-patrol meeting had to be published *"in the city"* where the board was located; each person doing a fire insurance business *"in such city"* had the right to be present, and each corporation represented was entitled to one vote; sec. 1925 provided for a report from each insurance corporation, underwriter, or agent doing any fire insurance business *"in such city"* of the aggregate premiums received for insuring property *"in such city."* The fire-patrol revision of R. S. 1878 with its numerous repetitions of *"in the city,"* and its express limitation of rights to those doing business in the city and its giving of equal rights to all persons assessed for maintenance so far as those rights are expressly referred to, reasonably supports the conclusion of the civil court to which we have expressed approval.

We are also of opinion that application of the assessment provision of the fire-patrol statutes under the facts here involved would deprive the defendant of privileges which the plaintiff's articles of incorporation and its practice extend to those who are members of the corporation, and thus unconstitutionally deprive the defendant of the equality of rights that the Fourteenth amendment to the constitution of the United States secures to all persons. The point is, not that the statutes relating to fire patrols are unconstitutional because they impose the burden of assessments on nonmembers of the corporation, but that the plaintiff attempts to apply the statute unconstitutionally because its application to nonmembers would deprive nonmembers, who must pay the expense of operation on the same basis as members, of privileges and rights that members possess. *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220. Members may participate in the election of the directors of the corporation who select the managing directors of the patrol and thus indirectly control the affairs of the patrol. The property used in operating the patrol belongs to the plaintiff corporation and thus

ultimately to the members. The defendant has no interest in the property of the corporation and can have no vote in the election of the directors who manage the patrol and no voice whatever in the control of its affairs. It therefore cannot be compelled to pay. The plaintiff's contention that the New York statute, which is the same as ours in respect to making all companies insuring property in the city assessable for the expense of a fire patrol, has been held constitutional is beside the point here pressed. The New York cases referred to are *New York Board Fire Underwriters v. Metropolitan Lloyds,* 11 Misc. 646, 33 N. Y. Supp. 547, and *New York Board Fire Underwriters v. Whipple,* 2 App. Div. 361, 37 N. Y. Supp. 712, 714. The suits were to collect assessments under the patrol statute. The point of discriminatory application of the statute was not raised or considered. It does not appear that the plaintiff or any other insurers of property in the city were excluded from membership in the plaintiff corporation. The corporation as created consisted of the presidents of several named insurance companies, and the "presidents or other officers for the time being of any incorporated company or association, and any agent doing the business of fire insurance in the city of New York, who may become associated with them." All that was necessary to enable a person to vote at the first election of officers was that he should present authority from the company which he represented to join this corporation and to vote for its officers. The implication from these provisions plainly is that any insurance company doing a business in the city of New York might become a member of the New York corporation. No other provisions respecting membership or voting at corporate meetings occur in the New York statute. We cannot accept the New York decisions as having bearing upon the point here involved of discriminatory application of the statute or upholding the plaintiff's contention, that carried to its

ultimate result, would permit three insurance agents doing a fire insurance business in a city to incorporate as a board of fire underwriters, admit no one else to join as members, establish a fire patrol, operate it for a long period, and in so doing accumulate valuable improved real estate and a large amount of personal property for use in the conduct of its fire patrol, pay for all this out of funds contributed by nonmembers of the corporation, vote to discontinue the fire patrol and take unto themselves the entire property and whatever funds might be on hand at the time of discontinuance. In such case a single local insurance company denied membership in the corporation might have carried the bulk of the insurance on city property during the period the patrol was maintained and thus have paid the greater part of the property accumulated, and yet denied any share or interest in the corporate property it had mostly paid for. Consideration of where plaintiff's contention might lead, would seem to be enough to show its fallacy.

It is true that in the *Yick Wo Case, supra,* the discriminatory action was by a municipality, while here it is by a corporation. But both involve the application of a public statute applicable alike to all who fall within its terms. The plaintiff corporation in applying a public statute can no more apply it in a discriminatory manner than could the city if it were administering it.

It is also to be noted that the 1897 amendment of the articles of incorporation in extending the right of membership to any company or agent doing business anywhere within the county, whether it or he insured any property within the city or not, empowered such outside members to participate in the annual fire-patrol meeting and not only vote upon the proposition of the patrol's maintenance and the amount to be expended for that purpose, but to attend all meetings of the members and participate in the election of directors and gave

them the same interest in the property used in conducting the fire patrol as members within the city. And they were granted all these privileges though insuring no property within the city, and thus without being subject to assessment for expense of maintaining the patrol. Thus the defendant has an additional ground for claiming violation of its rights under the Fourteenth amendment because nonmembers located outside the city having the same voting rights that it has at the annual fire-patrol meetings are permitted to exercise those rights without being subject to assessments while nonmembers within the city are assessed, and members located outside the city, in addition to their right to vote on the fire-patrol questions, also have all the rights of other members respecting management of the patrol which defendant does not have, and without being subject to assessments for maintenance of the patrol to which plaintiff attempts to hold defendant subject.

It is contended in the brief of plaintiff that the plaintiff is at least a *de facto* corporation organized under the board-of-fire-underwriter statutes, even if it is not a *de jure* corporation thereunder because of its failure to make its membership provisions accord with those statutes. We need not pursue this point. The plaintiff is a *de jure* corporation, made so by its adoption of its original articles in 1876, before the fire-patrol statute was enacted. It is hardly conceivable that it can be a *de facto* corporation under one statute while a *de jure* corporation under another. Instead of being a *de facto* corporation operating under the patrol statutes it is a *de jure* corporation assuming to exercise rights under the fire-patrol statutes which corporations with articles of incorporation such as it has have no right to exercise. And a *de facto* corporation has no more right by its course of conduct to deprive one of constitutional rights than has a *de jure* corporation.

The defendant counterclaims to recover the assessments paid to the plaintiff. The defendant paid these voluntarily. If paid under mistake the mistake was one of law. It has received the benefits of the patrol as fully as any other company, both during the period when it paid and ever since. We can perceive no reasonable basis for allowing recovery. The defendant is lucky to have enjoyed the benefits of the patrol without compensation all the years of its refusal to pay merely because of the plaintiff's failure to conform its articles of incorporation so as to enable it to collect assessments from nonmembers, as it obviously might have done and still may do. Moreover, it seems manifest that the statute of limitations, sec. 330.19, if any action every lay to recover back the money paid, long ago barred the present action.

Plaintiff relies on the case of *Booker & Kinnaird v. Louisville Board Fire Underwriters,* 188 Ky. 771, 224 S. W. 451, as establishing that boards of fire underwriters may restrict their membership. The point of that case is that boards of fire underwriters may "adopt and enforce reasonable regulations among its members." The right of the plaintiff to adopt regulations to control its members is not here at issue. The defendant does not deny its right to do so. The defendant is only insisting that it is entitled to membership as condition of plaintiff's enforcing the statutory right of boards of fire underwriters to assess against it the expense of maintenance of a fire patrol, and that as plaintiff denies it that right it cannot compel it to pay such assessments.

Plaintiff suggests that the defendant is estopped to deny plaintiff's right to assess it for support of its fire patrol. The only things suggested as creating an estoppel are that the defendant for a time paid assessments; that it reported the amount of its premiums received for insuring property in the city; and that it has received the same benefit from the

fire patrol that members of the plaintiff corporation have received. We perceive no element of estoppel in this. Neither the defendant's payments of the assessments, nor its ceasing to pay them, nor its reporting its premiums, caused the plaintiff to operate the fire patrol or to take any position or do any act to plaintiff's disadvantage or to the defendant's advantage. Such causal connection is essential to create an estoppel. The plaintiff cites as authority for its contention in this respect cases to the point that a person carrying insurance cannot resist the payment of premiums incurred under the claim that the company is not lawfully incorporated, because it is at least a corporation *de facto*. *Gilman v. Druse,* 111 Wis. 400, 87 N. W. 557. The defendant is not resisting payment of premiums for insurance. There is no claim that the plaintiff is not legally organized as a corporation. The defendant's claim is that the plaintiff is not such a corporation, in view of its articles and its practice thereunder, as is empowered by the fire-patrol statutes to collect from it assessments for support of its fire patrol.

*By the Court.*—The judgment of the circuit court is affirmed.