MICHAEL J. LYNCH *vs.* CITY OF SPRINGFIELD.

Hampden.    September 26, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Liability of City for Personal Injuries occasioned by Employee of Water Department.*

The city of Springfield in carrying on its water department is engaged in a work voluntarily undertaken by it, partly commercial in its character, and for which it receives pay from those making use of it; and the city is liable for personal injuries caused by the negligence of one of its employees while engaged in the necessary business of that work.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of an employee of the water department of the defendant city. At the trial in the Superior Court before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*E. H. Lathrop*, for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

LORING, J. The plaintiff, while riding a bicycle, was injured by a collision with a horse and wagon belonging to the water department of the defendant city. There was conflicting evidence as to due care on the part of the plaintiff, and negligence on the part of the driver of the horse and wagon. It appeared that the water department of the defendant city was created by statute, and was managed by commissioners elected by the city council; that municipal bonds had been issued to pay for the construction of the works, and that these bonds were not yet due; that water was furnished to the inhabitants at fixed rates, paid for by consumers, and collected by the tax collector of the city; that all these bills of the department were paid when approved by the auditor and mayor of the city, and that no money was paid or bills collected by the commissioners. These rentals were used first in paying the expenses of conducting the works, and the surplus, if any, in making a sinking fund for the payment of the water bonds. In the year 1896, in which the accident occurred, there was a net surplus from the operation of the water department amounting to $31,011.72.

It further appeared that at the time of the accident the horse and wagon in question were in charge of an employee of the water department, whose wages were paid by the city treasurer from receipts of the water department; and that this employee was engaged in the necessary business of the water department.

The presiding justice refused to give the following rulings which were asked for by the defendant:

" The defendant city cannot be held to be engaged in a commercial enterprise because of the maintenance of a public water supply solely for domestic and fire purposes, managed by a board of water commissioners who are elected by the city council and charging the citizens rentals for the use of said water.

" The maintenance by the defendant of its system of public water works for the use of the public and for fire and domestic purposes, for the construction of which a debt exists and a sinking fund for the payment thereof, which is provided for by the income from rentals for the use of said water, is not an engagement on the part of the city in a commercial enterprise such as would render the city liable in this action.

" Upon the evidence the plaintiff cannot recover."

The defendant city in carrying on its water department was engaged in a work voluntarily undertaken by it, partly commercial in its character, and for which it received pay from those making use of it. That the city is liable for injuries caused by the negligence of one of its employees while engaged in the necessary business of that work has for a long time been established to be law in this Commonwealth. *Hill* v. *Boston*, 122 Mass. 344, 359. *Hand* v. *Brookline*, 126 Mass. 324. *Tindley* v. *Salem*, 137 Mass. 171, 172. *Powers* v. *Fall River*, 168 Mass. 60.

*Exceptions overruled.*