## THE CITY OF CHICAGO

*v.*

## SELZ, SCHWAB & CO.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. PLEADING—*general averment of negligence in doing particular act is good after verdict.* A general averment of negligence in doing a particular act is good as against a general demurrer, and is a defect which is cured by verdict.

2. SAME—*when declaration against city is good after verdict.* A count in a declaration against a city which charges that the defendant's servants, while engaged in repairing a water main, conducted the work in such a negligent and unskillful manner that a break occurred causing the plaintiff's damage, is good after verdict.

3. MUNICIPAL CORPORATIONS—*not liable for negligence of servants in exercise of police power.* A city is not liable, under the doctrine of *respondeat superior*, for unlawful or negligent acts of its officials or servants in the exercise of the police power.

4. SAME—*when city is liable for damage from repairing water system.* A city is liable for damages caused by the negligence of its servants in repairing a water pipe, where the water system is used not only for fire protection but also to sell water to inhabitants and street sprinkling contractors.

*City of Chicago* v. *Selz, Schwab & Co.* 104 Ill. App. 376, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

CHAS. M. WALKER, Corporation Counsel, and THOMAS J. SUTHERLAND, for appellant:

The fire hydrant was one of the fire department appliances of the city, and hence the accident did not involve the city in liability. *Frazer* v. *Chicago*, 186 Ill. 480; *Arms* v. *Knoxville*, 32 Ill. App. 604; *Chicago* v. *Williams*, 182 Ill. 135; *Culver* v. *Streator*, 130 id. 238; *Oliver* v. *Worcester*, 102 Mass. 489; *Blake* v. *Pontiac*, 49 Ill. App. 543.

FELSENTHAL & FOREMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 8, 1900, the appellee, Selz, Schwab & Co., a corporation, owned a building on the north-west corner of Monroe and Market streets, in the city of Chicago. There was a fire hydrant in front of the building, connected at the bottom with the water main in the center of the street by a pipe six inches in diameter. It constituted a part of the water-works system of the appellant city of Chicago and was under its control. In the evening of that day there was a leak at the bottom of the hydrant, and some water was coming from the leak through small crevices in the floor of the basement of the building. Appellee's manager telephoned the fact to the city hall, and also went twice that evening to the proper department and endeavored to have the leak attended to and stopped. Nothing was done, and the manager waited until about 12:45 that night, when he went home. In the morning efforts were again made to have the city look after the leak, and after nine o'clock the manager succeeded in getting a foreman connected with the water department to attend to the matter. The manager urged the foreman to have the water shut off for fear that more damage would result, but the foreman attempted to get down to the joint without shutting off the water. He set his men to work digging out the manure from the hydrant basin, and in doing this they moved the hydrant first to one side of the basin and then back. The pressure of the water was about thirty-five pounds to the square inch, and the result was that the connection was broken at the bottom of the hydrant, the pipe blew out and the rush of water made a hole through the side of the basin into the basement of the building, damaging the goods stored therein. Appellee brought this suit in the superior court of Cook county to recover its damages, and a jury being waived, the issue was submitted to the court for trial

under a stipulation that if the city was liable the damages should be assessed at $27,100. The court found the issues for the plaintiff and assessed the damages at the amount fixed by the agreement, and entered judgment accordingly. The Branch Appellate Court for the First District affirmed the judgment.

Counsel for appellant seem to have overlooked or misapprehended every rule of this court relating to the form and contents of briefs and arguments. A volume entitled as a brief has been filed, which is a compound of statement and argument on controverted questions of fact, bearing evidence that it was addressed to the Appellate Court, with what is called a digest of the evidence, printed by question and answer, and analyses of the opinions of the superior court and Appellate Court, and intermingled with propositions of law and authorities. We are not concerned with the controverted questions of fact, which were finally settled in the Appellate Court, nor with the supposed analyses. The only questions of law before us relate to the sufficiency of the declaration, the liability of a municipal corporation for an injury resulting from the management of water-works and the rulings which were made by the trial court on the admission of evidence.

The first proposition is that the declaration does not state a cause of action. The defendant first demurred to it, and afterward withdrew the demurrer and pleaded not guilty. The question, therefore, is whether the declaration is good after verdict and sufficient to support the judgment. There are three counts, none of them well drawn, and all consisting of general charges, in legal phraseology, of duty and negligence, without the averment of specific facts. A declaration should contain a clear and distinct statement of the facts which constitute the cause of action, so they may be understood by the party who is to answer them. A declaration which consists merely of a general charge and admits of almost

any proof to sustain it is objectionable, and in an action for negligence there must be a definite statement of fact showing in what the negligence complained of consisted. It is not sufficient to allege that there was a duty, but the facts from which the law raises the duty must be alleged, and it is not sufficient to charge a defendant with negligence, generally, in failing to comply with the duty. (1 Chitty's Pl. 232; *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 90 Ill. 425; *Ohio and Mississippi Railroad Co.* v. *People,* 149 id. 663.) Each count alleges that the defendant was possessed of a system of water-works controlled and operated for its private advantage and emolument, and that it maintained a system of mains, conduits, pipes and fixtures under the streets contiguous to plaintiff's building. The first count alleges that the mains, conduits, pipes and other appurtenances under the street contiguous to the plaintiff's building were so negligently, defectively and improperly constructed, used, kept, operated and maintained by defendant, that in consequence thereof the break occurred, causing the damage. This count is a wholesale charge of negligence, by which the pleader, without the averment of any fact, condemns the whole original construction when the works were established, and the use, maintenance and operation ever since. Even the general charge is inconsistent, since a break resulting from faulty construction could not also arise from use, operation or maintenance. The count does not even charge negligence, generally, in the doing of a specific act and does not disclose a cause of action. The second count avers that while the defendant's servants, agents and employees were repairing the mains, conduits, pipes and appurtenances contiguous to plaintiff's building, the repairs were conducted in such a negligent, unskillful and unworkmanlike manner that in consequence thereof the break occurred, causing the damage. A general averment of negligence in doing a particular act is good as against a general demurrer.

(*Chicago City Railway Co.* v. *Jennings*, 157 Ill. 274.) Such a defect is cured by verdict and the objection is not available upon error. (*Chicago, Burlington and Quincy Railroad Co.* v. *Harwood, supra.*) This count is sufficient to sustain the judgment. The third count avers that it was the duty of defendant to construct, use, control, maintain and operate its water system, and conduits, mains, pipes and appliances laid under the streets, in a proper and skillful manner, and to maintain a system of inspection, and make such inspection, from time to time, as would assure reasonable promptness in the detection of imperfections, so that it could take proper means in guarding against damage; that the same were negligently, defectively and improperly constructed, used, kept, operated and maintained, and that defendant did not maintain a system of inspection; that there existed a deterioration and damage to the material of the pipes, mains and conduits, and that solely by reason of such imperfection, defect and deterioration, which the defendant neglected to detect, the break occurred, causing the damage. There were no facts stated from which the law would imply a duty of inspecting the pipes laid deep in the earth below the streets, or any facts showing for what reason an inspection would or could be necessary. Judging from the facts stated in the count, an inspection of mains and pipes under the streets would be impossible, and if there were any facts showing the necessity or propriety of such an inspection they should have been alleged. This count did not state a cause of action. The second count being good after verdict, the judgment cannot be reversed for insufficiency of the declaration, and that is the count which the evidence tended to prove.

The next heading in the brief is, that defendant was not liable for the damages, and under it there are fourteen propositions and a discussion of the evidence and the credibility of witnesses. This argument must have been made to the Appellate Court, and it is not now

based upon any assignment of error in this court. In examining the abstract, however, we find a proposition of law asked by the defendant, which the court refused to hold, to the effect that the hydrant and connecting pipe being part of the appliances of the fire department, placed there for the main purpose of supplying that department with water for putting out fires, the separation of the connecting pipe from the hydrant, through the negligence of those having charge of it, would not render the defendant liable. The facts proved were, that this pipe and hydrant were placed there about twenty-seven years ago, and that the system of water-works was constructed for the double purpose of protection against fires and supplying the inhabitants of the city with water, and has been used for both purposes ever since. Even this particular fire hydrant was made a source of income to the city by selling water from it to contractors for street sprinkling under licenses, and they paid the city for the water. It cannot be said, therefore, that either the water system or this hydrant was constructed or used merely for public protection by putting out fires under the exercise of the police power. Both were constructed and employed by the defendant, in part at least, in its private and corporate capacity. A city is not liable, under the doctrine of *respondeat superior*, for the unlawful or negligent acts of its officials in the exercise of the police power, and if the break had resulted from the negligence of firemen engaged in the line of their duty in extinguishing a fire the defendant would not be liable. (*Wilcox* v. *City of Chicago*, 107 Ill. 334; *Culver* v. *City of Streator*, 130 id. 238.) The injury to plaintiff did not arise from negligence in the use of the hydrant for the purpose of extinguishing fire. The business of selling water to inhabitants and street sprinkling contractors is not an exercise of the police power, and the city is not exempt from liability for negligence in maintaining such system. As applied to the facts of

this case the proposition did not state the law, and was properly refused.

There was no error in ruling on the admission of evidence. There was no evidence tending to show any negligence which caused the leak in the first instance and no evidence of negligence respecting inspection, but it is apparent that turning the hydrant back and forth upon a fixed and immovable connection, under great pressure, would tend to loosen such connection. The evidence tended to prove the negligence charged in the second count, and that the break and consequent damage resulted from such negligence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*