PIPER and others, Appellants, vs. CITY OF MADISON, Respondent.

*September 17—October 5, 1909.*

*Municipal corporations: Operation of waterworks: Liability for negligence of employees.*

1. In selling and distributing water to its citizens by means of a system of waterworks a city is acting not in its governmental but in its private or proprietary capacity, and is liable in damages for negligence of its agents and servants in the conduct of such business.

2. The fact that the city may also use the waterworks for protection against fire does not relieve it from liability for negligent acts of its servants or agents in the conduct of the business, except for such acts as are performed by them in the actual work incident to extinguishing fires.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The city of *Madison,* being authorized to maintain and operate a system of waterworks, built its system in 1885. About 1890 a water tower was constructed on Washington avenue. It is claimed that this tower was chiefly constructed to equalize the pressure. As originally planned, the connection between the pipes of the waterworks system and the tank in the water tower was controlled by a valve located inside the base of the tower. In time the dampness and the dripping water rusted the bearings and it became impossible to operate the valve. Attempts to remedy the matter were unsuccessful, and in 1891, upon the advice of an expert hydraulic engineer, the valve at the base of the tower was discontinued and a new valve to control the water supply to the tank in the tower was placed at the junction of the supply pipe for the tank and the main pipe line at the junction of Pinckney street and Washington avenue about a block from the tower. Plaintiffs conducted a grocery on Washington avenue in a building located between the valve at the junction of Washington avenue and Pinckney street and the water tower, and stored part of their stock of groceries in the basement of this building. About 7:30 in the morning of January 17, 1907, plaintiffs observed that water was flowing into the basement, presumably from a broken water pipe. The officials of the waterworks department were notified, and as rapidly as possible employees cut off the supply of water from the pipes in that section of the city. The valve at the junction of Pinckney street and Washington avenue, controlling the supply of water to the tank in the water tower, was also closed. This work took more than two hours and did not stop the flow of water into plaintiffs' basement. A small drain pipe from the tower tank was then opened and with the disappearance of the water from the tank the flow of water into plaintiffs' basement ceased. Considerable damage was done

to plaintiffs' stock of groceries by the water and they bring this action to recover for the damage suffered. Subsequent investigation showed that the ten-inch pipe supplying the tank in the water tower had broken. On the trial in the circuit court of the action for the recovery of the damages suffered, the jury were instructed as to the law of negligence, and were informed that if city authorities in charge of the water department acted upon the advice of men skilled in the work in question, and if the city officials in good faith and in reliance upon the advice of such experts in waterworks construction had constructed a waterworks system according to their best judgment, then defects in the construction became mere errors in judgment and the city would be relieved from liability for any damages resulting therefrom. Under the instructions of the court the jury found that the defendant was not guilty of any want of ordinary care in failing to keep the valve in the base of the water tower in such condition that it could be used to shut off the water from the tower. The jury also found the amount of the damages sustained by the plaintiffs. The court awarded judgment in favor of the defendant for its costs. This is an appeal from such judgment.

For the appellants there were briefs by *Gilbert, Jackson & Ela,* and oral argument by *Emerson Ela.*

For the respondent there was a brief by *John A. Aylward,* city attorney, and *Aylward, Davies & Olbrich,* of counsel, and oral argument by *J. E. Davies.*

SIEBECKER, J. Under legislative authority the city has voluntarily constructed a system of waterworks for public and private use. The revenue derived from sales of water for private use is applied to the cost of construction, operation, and maintenance of the waterworks. The business is in charge of a board of commissioners, who employ a superintendent and such other agents and servants as are required for the conduct of this part of the municipal business. The plaint-

iffs bring this action to recover damages to their property which they allege were caused by the negligence of the city through its agents and servants employed by the city in conducting the business of the waterworks department. Under the alleged facts the employees in charge of this municipal department represent the city and act for it. The errors assigned involve an inquiry as to the extent to which the city is responsible for the acts of its agents and servants in the conduct of this municipal enterprise.

In his treatise on the Law of Municipal Corporations Mr. Dillon states:

"Municipal corporations . . . possess a double character: the one *governmental, legislative,* or *public;* the other, in a sense, *proprietary* or *private.* . . . *In its governmental or public character* the corporation is made, by the state, one of its instruments, or the local depositary of certain limited and prescribed political powers, to be exercised for the public good on behalf of the state rather than for itself. . . . But *in its proprietary or private character* the theory is that the powers are supposed not to be conferred, primarily or chiefly, from considerations connected with the government of the state at large, but for the private advantage of the compact community which is incorporated as a distinct *legal personality* or *corporate individual;* and as to such powers, and to property acquired thereunder, and contracts made with reference thereto, the corporation is to be regarded *quoad hoc* as a private corporation, or at least not public in the sense that the power of the legislature over it or the rights represented by it is omnipotent." 1 Dill. Mun. Corp. § 66 (39). *Hayes v. Oshkosh,* 33 Wis. 314; *Mulcairns v. Janesville,* 67 Wis. 24, 29 N. W. 565; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420.

The function of a city in selling and distributing water to its citizens is of a private nature, voluntarily assumed by it for the advantage of the people of the city. Responsibility for the acts of persons representing it in such a business falls upon the city through the relation of master and servant, and

the maxim of *respondeat superior* applies. Whenever this relation is established the city is liable in damages for the negligence of its agents and servants in the conduct of such business. The following adjudications uphold this liability upon the ground that the city in conducting such a business is acting in its proprietary capacity: *Lynch v. Springfield,* 174 Mass. 430, 54 N. E. 871; *Hourigan v. Norwich,* 77 Conn. 358, 59 Atl. 487; *Chicago v. Selz, Schwab & Co.* 202 Ill. 545, 67 N. E 386; *Bullmasler v. St. Joseph,* 70 Mo. App. 60; *Philadelphia v. Gilmartin,* 71 Pa. St. 140.

The fact that the city may also use the waterworks for protection against fire does not relieve it from liability for negligent acts of its servants or agents in the conduct of this business, except for such acts as are performed by them in the actual work incident to extinguishing fires. *Chicago v. Selz, Schwab & Co., supra.*

In submitting this case to the jury the court held that in conducting the business of distributing and selling water the city is exercising a public function, and its officers and agents in conducting the business are in the exercise of *quasi*-judicial authority, and if they exercise their judgment and discretion in good faith the city is not liable for damages resulting from their negligent acts. This was error, because the city in this case was acting in its private or proprietary capacity, and it is therefore liable for the negligent acts of its servants or agents. A new trial must be awarded.

*By the Court.*—Judgment reversed, and the cause remanded to the trial court for a new trial.