MILLER GROCERY COMPANY, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS: Governmental and Proprietary Functions—Negligence in re Waterworks.** A city is liable in damages consequent upon the act of its board of waterworks trustees in negligently maintaining, as a proprietary function, the instrumentalities of a municipally owned waterworks plant, even though said instrumentalities are *also* employed as a governmental function.

**MUNICIPAL CORPORATIONS: Officers, Agents, and Employees—Waterworks Trustees as Agents.** The board of waterworks trustees (Ch. 288, 38 G. A.) is simply the agent of the city.

**NEGLIGENCE: Contributory Negligence—Failure to Guard Against Flood.** A property owner, in an action against a city for damages consequent upon the negligent maintenance of a city-owned hydrant, may not be said to be guilty of contributory negligence *per se* because he locates his building on ground lower than the graded level of an adjacent street, or because he failed to construct his building with water-tight doors and windows, or to provide a drain for escaping waters.

**TRIAL: Special Interrogatories—Nondeterminative Facts.** There need be no submission to a jury of interrogatories which do not call for ultimate facts determinative of some issue.

**EVIDENCE: Hearsay—Withdrawal.** Hearsay testimony which is no part of the *res gestae* is properly withdrawn from the jury.

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

MARCH 13, 1923.

REHEARING DENIED JUNE 22, 1923.

ACTION for damages caused by the flooding of the basement of appellee's building, the same being caused by a hydrant in the street near appellee's property which became loosened from the water pipe, thus permitting the water to escape. Verdict for the plaintiff, and defendant appeals.—*Affirmed.*

*John J. Halloran, Reson S. Jones, C. A. Weaver, Paul Hewitt,* and *H. W. Byers,* for appellant.

*Fred P. Carr* and *Carr, Cox, Evans & Riley,* for appellee.

FAVILLE, J.—The appellee is a corporation engaged in the wholesale grocery business. It occupies a building located at the intersection of West Eighth and Elm Streets in the city of Des Moines. The building consists of three stories and a basement, and is used by the appellee for the storage of merchandise. In front of appellee's property, Eighth Street is filled about 8½ feet above the natural level of the ground. A hydrant is located on Eighth Street, about 10 feet east of appellee's building and somewhat to the south thereof. The basement of appellee's building is on a lower level than the adjacent street.

*1. MUNICIPAL CORPORATIONS: governmental and proprietary functions: negligence in re waterworks.*

Some time in the early morning of September 12, 1920, the hydrant in question became disconnected from the water pipe to which it was attached. A great volume of water poured from the pipe, and passed upon the basin-like lot adjacent to appellee's building, and entered the basement of appellee's building, where a large amount of merchandise was stored, and caused the damage for which suit is brought.

The grounds of negligence relied upon by appellee were: (1) That the joint connecting the hydrant and the pipe leading to the main was improperly constructed; and (2) that the appellant failed to repair the connection of the said hydrant and pipe, after having been notified of its faulty condition.

I. It is contended by the appellant that the maintenance of the hydrant in question as a part of the waterworks system of the city was the exercise of a governmental, and not a proprietary, function of the city, and therefore that no liability to appellee for negligence attaches, if any is shown.

In *Incorporated Town of Sibley v. Ocheyedan Elec. Co.*, 194 Iowa 950, we recently had occasion to discuss somewhat the rules pertaining to governmental and proprietary functions of a municipality, and cited some of the authorities bearing on this question. See, also, *Hines v. City of Nevada*, 150 Iowa 620, and cases cited therein. As said in the last cited case:

"The line of demarcation between these powers [governmental and proprietary] may sometimes be a narrow one, but it is not ordinarily indistinct."

It is undoubtedly true that a municipal corporation can exercise its dual functions, governmental and proprietary, through the same agents, and to a certain extent by the same instrumentalities. In the instant case, the municipality, acting in its governmental capacity, had the right to maintain and operate a waterworks plant for the purpose of fire protection in said city. At the same time, the city, in its proprietary capacity, had a right, under the statute, to operate a waterworks plant for the purpose of distributing water to the citizens of the municipality, and to receive pay therefor. The same instrumentalities could be used, if available, for the twofold purpose. The water pipes carried water throughout the city for the purpose of fire protection, and also for sale to consumers. It is obvious that said water pipes were used and operated by the city in a dual capacity. They carried the water necessary to be used by the city in its governmental capacity for fire protection purposes; they also carried the water necessary to be used by the city in distribution and sale to the water customers of the city, in its proprietary capacity.

It is contended, however, by the appellant that the hydrant in question, which it is claimed was the cause of the injury complained of, was used by the city only for fire purposes, and only in connection with its governmental function. It is urged that the hydrant was a part of the fire apparatus of the city, owned and used by the city in its governmental capacity, and that the city cannot be liable for negligence in its construction or maintenance.

It may be conceded that, if the sole use and function of the hydrant in question was for the purpose of fire protection, it was part of the fire apparatus of the city, and that the city, under

such circumstances, could not be liable for negligence in its construction or maintenance. That a municipality is not liable to one who suffers loss by reason of negligence in the manner of the construction or operation of the fire apparatus of a city may be conceded to be the law. See *Bradley v. City of Oskaloosa,* 193 Iowa 1072.

Had the appellee suffered loss by fire because of a defect in the hydrant in question, the city would not be liable therefor. It is unnecessary that we cite authorities to sustain this rule. But such a situation is not before us in this case. Appellee does not complain of any negligence on the part of the appellant in failing to properly construct and maintain the hydrant *as a hydrant.* Appellee suffered no loss because the hydrant was defective as a part of the fire apparatus of the city. But the city not only constructed and used its water pipes in a dual capacity, but it saw fit to use the hydrant for a dual purpose, conformable to the dual functions exercised by the city. The hydrant as such was a part of the fire apparatus of the city, and used and operated by the city in its governmental capacity, for fire protection. Had it been defective in *this* respect and for *this* purpose, and had appellee suffered fire loss as a result, no recovery on the ground of negligence could be had.

In this particular case, the city saw fit, however, to use the hydrant in question for a dual purpose. It used it for the purpose of fire protection when needed, and it likewise used it continuously as a device for the purpose of closing its water pipe. The appellant had a right to bring the water through its mains and lateral pipes to the point where this hydrant was located, and to other places along the streets and alleys of the city, for sale to its customers. If it negligently failed to properly lay said pipes or close the joints or ends of said pipes, it was liable to any person that suffered injury by reason of its negligent failure to properly care for said pipes and prevent the water from escaping therefrom. The pipe in question was brought by the city to the place where the hydrant was located. The water so brought in said pipe could be used by the city in its governmental capacity through the hydrant for the purposes of fire protection. It could also be drawn from said pipe for commercial purposes. It was necessary for the pipe to be closed in

some manner. If the city negligently failed to properly lay and close said pipe, which carried water for commercial purposes, there is no reason in law or logic why the city, in its proprietary capacity, should not be held liable for its negligence in so doing. In this case, the city could have closed the pipe in question by some form of plug or of sealing that would have effectively prevented the escape of the water from the pipe. The city chose to close said pipe by the use of the hydrant in question. So far as it acted in its proprietary capacity, it used the hydrant solely as a means or instrumentality for the purpose of closing its water pipe. If it negligently failed to use a proper and efficient instrumentality to effectively close the flow of water, and if, because of its negligence in this respect, the water escaped, it is responsible in damages for such negligence.

The evidence in this case tends to show that the water pipe was not properly closed; that the joint where it was attached to the hydrant in question was defective; and that it was so constructed that the pressure of the water caused the pipe to become disconnected, so as to permit the water to escape upon the property of the appellee and cause the injury complained of.

There was sufficient evidence to take the case to the jury on the question of negligence in the manner of construction of the joint between the pipe and the hydrant. Therefore, it was a question for the jury to determine whether or not the appellant, in its proprietary capacity, was negligent in the manner in which it attempted to close and care for the water pipe and prevent the escape of water therefrom.

The case is quite similar to that of *City of Chicago v. Selz, Schwab & Co.,* 202 Ill. 545 (67 N. E. 386). In that case, the court said:

"It cannot be said, therefore, that either the water system or this hydrant was constructed or used merely for public protection by putting out fires under the exercise of the police power. Both were constructed and employed by the defendant, in part at least, in its private and corporate capacity. A city is not liable, under the doctrine of *respondeat superior,* for the unlawful or negligent acts of its officials in the exercise of the police power, and if the break had resulted from the negligence of firemen engaged in the line of their duty in extinguishing a fire,

the defendant would not be liable. The injury to plaintiff did not arise from negligence in the use of the hydrant for the purpose of extinguishing fire. The business of selling water to inhabitants and street-sprinkling contractors is not an exercise of the police power, and the city is not exempt from liability for negligence in maintaining such system.''

The same rule is recognized in *Aschoff v. City of Evansville*, 34 Ind. App. 25 (72 N. E. 279), and in *Piper v. City of Madison*, 140 Wis. 311 (122 N. W. 730).

The court did not err in submitting this question to the jury.

II. It is contended by the appellant that this case furnishes an exception to the general rule that the operation of a municipal water plant is an exercise of the proprietary powers of a city, because, it is claimed, the status of the plant was fixed by legislative enactment, and also because the management and control of the plant is through a special governmental board, provided for by such statute.

2. MUNICIPAL CORPORATIONS: officers, agents, and employees: waterworks trustees as agents.

The waterworks plant of the city of Des Moines was acquired by the city under and by virtue of the terms and provisions of Chapter 288 of the Acts of the Thirty-eighth General Assembly. A board of waterworks trustees was created, which, under the terms of said act, has supervision over all details of the administration and operation of said waterworks. The said act (Section 9) expressly provides that said board of waterworks trustees shall be responsible to the city council for all details of administration and operation, and shall report to the city council. The board of waterworks trustees is appointed by the city council and is subject to removal by said council. It is apparent from the terms of the act that the municipality is the owner of said waterworks plant, and the board of waterworks trustees is merely the agent of said city, acting for and in behalf of the city in the operation and management of said plant. This board is not an independent corporation, nor even a wholly independent board. The manner of operating the said plant by a board of waterworks trustees so appointed did not relieve the city of its liability as the owner of said plant, nor change its legal status as such owner. It therefore follows that the city,

as a municipal corporation, in its proprietary capacity, is liable in a proper action for the negligent acts of the board of water-works trustees in operating and maintaining said plant.

The case is quite similar to *Esberg Cigar Co. v. City of Port-land,* 34 Ore. 282 (55 Pac. 961). See, also, *Davoust v. City of Alameda,* 149 Cal. 69, 70 (84 Pac. 760); *Fisher v. New Bern,* 140 N. C. 506 (53 S. E. 342).

We hold that, under the statute, the board of waterworks trustees was the agent of the appellant, and that for the negligent acts of said board, affecting the city in its proprietary capacity, the city is liable.

III. Appellant complains of the refusal of the court to give requested instructions on the subject of contributory negligence.

The instructions given by the court on this subject were the ordinary instructions defining contributory negligence, and in addition thereto, the court instructed the jury that:

3. NEGLIGENCE: contributory negligence: failure to guard against flood.

"Where a danger is obvious or known, a person is bound to use ordinary care to avoid it, and recovery cannot be had in cases where damage is occasioned the person or property of one who could have avoided same by the exercise of ordinary care, even though the defendant on its part was guilty of negligence."

The rule thus announced was enlarged upon and amplified by the court. The appellee was not guilty of contributory negligence, as a matter of law, merely because it located its building on a lot or tract of ground that was lower than the graded level of the adjacent street; nor was it guilty of contributory negligence, as a matter of law, in failing to have its doors and windows so constructed that they would be water-tight, and exclude water that might flow to appellee's building from a bursted water pipe; nor was the appellee guilty of contributory negligence, as a matter of law, in failing to have a drain in the basement of the building, so constructed and kept open as to permit the escape of water that might flow into said building from a bursted water pipe of the appellant city's.

The court did not err in refusing to give the requested instruction on the subject of contributory negligence, and the law on that question was fairly submitted to the jury by the instructions that were given. There was no error at this point.

IV.   Appellant complains of the refusal of the court to submit special interrogatories that were requested by the appellant.

Code Section 3727 provides for the submission of special interrogatories to a jury under certain conditions. We reviewed this statute in the recent case of *Farr v. Mackie Motors Co.*, 193 Iowa 954.

The requested interrogatories in this case had to do with the claim of contributory negligence, and particularly with regard to the condition of the door and the drain in the basement of appellee's building. We do not think there was 4. TRIAL: special interrogatories: nondeterminative facts. reversible error on the part of the trial court in refusing to submit these special interrogatories in the form in which they were asked. The requested special findings did not call for ultimate facts determinative of any issue involved in the case. As bearing on the question, see *Johnson v. City of Denison*, 186 Iowa 949; *Hall v. City of Shenandoah*, 167 Iowa 735; *Luisi v. Chicago G. W. R. Co.*, 155 Iowa 458; *Engvall v. Des Moines City R. Co.*, 145 Iowa 560.

V.   Complaint is made of the action of the court in withdrawing from the consideration of the jury the testimony of a witness to the effect that one of the employees of the appellee had stated to the witness, some time prior to the 5. EVIDENCE: hearsay: withdrawal. happening of the accident complained of, that he had removed a truck from the hydrant in question.

This evidence was clearly hearsay, and was not a part of the *res gestae,* and the court did not err in withdrawing the same from the consideration of the jury.

VI.   Complaint is made of certain instructions that were given by the court. We have examined these with care, and find no error therein.

The judgment appealed from is—*Affirmed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.

EVANS, J., took no part.