[No. 18170.   Department One.   November 7, 1923.]

H. E. WILLSON, *Appellant*, v. EAST SIDE WATER DIS-TRICT *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (486)—PUBLIC DEBT—LIMITATION OF AMOUNT—PUBLIC IMPROVEMENTS AND WORKS—WATER DISTRICT BONDS. A bond issue, authorized by a three-fifths vote of the electors in a water district, is void where it authorizes an indebtedness in excess of five per centum of the taxable property of the district, in violation of the limitation in Rem. Comp. Stat., § 11597.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered July 24, 1923, dismissing an action to restrain the sale of bonds to cover the cost of a water supply for a water district, upon a trial to the court. Reversed.

*J. L. McMurray,* for appellant.

*H. H. Johnston* and *F. Campbell,* for respondents.

HOLCOMB, J.—This action was brought to restrain and enjoin the East Side Water District, a munici-

[1]Reported in 219 Pac. 870.

4—127 WASH.

pality, and its commissioners, from proceeding to sell and dispose of $168,000 worth of bonds, which the district proposed to issue, and utilize the moneys therefrom for the purpose of constructing a comprehensive plan for the providing of water for household purposes in the district. The district comprises 3,712 acres of almost uninhabited land, lying between the waters of Puget Sound and Hylebos Waterway, on the one side, and the King-Pierce county line on the other. The district is organized under the Laws of 1913, p. 533, ch. 161 [Rem. Comp. Stat., § 11579]. It is given large powers to acquire by condemnation everything needed for a water supply for the district. The law authorizes the commissioners to employ engineers to survey the district and to formulate what is described as a "comprehensive plan," which, upon being adopted by the commissioners, is to be submitted to the voters of the district at an election to be held for the purpose, for its adoption or rejection. It is provided that, at the same time, the commissioners may submit to the electors the question of voting bonds to cover the cost of such comprehensive plan. These proceedings were had in this district; and, the commissioners approving the plan prepared by a civil engineer, two propositions were placed before the voters of the district at an election held June 9, 1923; first, the adoption or rejection of the plan; second, the voting of $168,000 worth of bonds to pay for its construction.

The law provides that there shall be levied each year a tax upon the taxable property within such water district sufficient to pay the interest on the bonds as the same accrues, provided, however, that no levy shall be made for such purpose if the revenues from the sale of water or power is sufficient to pay the interest; before ten years prior to the maturity of said bonds, an

annual sinking fund, sufficient for the payment of said bonds at maturity, may be established by the levy of a tax; all taxes shall become due and collectible as other taxes.

Section 17 of the Laws of 1913, p. 549 [Rem. Comp. Stat., § 11595], provides that the commissioners may levy a two-mill tax on all property situated within the district each year, not to exceed two mills on the assessed valuation of the property in the water district.

Section 18 provides:

"*Limit of Indebtedness.* Each and every water district that may hereafter be organized pursuant to this act is hereby authorized and empowered, by and through its board of water commissioners to contract indebtedness for water purposes, and the maintenance thereof not exceeding one per cent of the taxable property in such water dstrict to be ascertained by the last assessment for state and county purposes previous to the incurring of such indebtedness." [Rem. Comp. Stat., § 11596.]

Section 19 provides:

"*Additional Indebtedness—Election to Authorize.* Each and every water district hereafter to be organized pursuant to this act, may contract indebtedness in excess of the amount named in the preceding section, but not exceeding in amount, together with the existing indebtedness five (5) per centum of the taxable property in said district, to be ascertained as provided in the preceding section, whenever three-fifths (3/5) of the voters voting at said election in such water district assent thereto, at an election to be held in said water district in the manner provided by this act, which election may either be a special or a general election, and the board of water commissioners are hereby authorized and empowered to submit the question of incurring such indebtedness, and issuing negotiable bonds of such water district to the qualified voters of such water district at any time they may so order: *Provided,* That all bonds so to be issued shall be sub-

ject to the provisions regarding bonds as set out in section eleven (11) of this act." [Rem. Comp. Stat., § 11597.]

Section 11 of the act, Laws of 1913, p. 542 [Rem. Comp. Stat., § 11589], provides the manner in which the bonds of the district may be issued, but it is not necessary to be set out in this opinion by reason of the result we reach.

It was agreed at the trial that the assessed valuation of the district is $500,000. The election held June 9, 1923, resulted in authorizing the plan, and the issuance of the $168,000 worth of bonds was approved by a three-fifths vote of the electors.

The trial court denied the relief prayed for, and upheld the validity of the bonds. .

Respondents contend that the statute should be given such construction as will not suffer it to be defeated, if it will reasonably admit of such construction, citing *Reyburn v. Brackett & Bassett,* 2 Kan. 227, 83 Am. Dec. 457; *Young v. Regents of University of Kansas,* 87 Kan. 239, 124 Pac. 150, and Story on Constitution, § 400.

In other words, we are asked to interpret and apply the statute here involved as if it were passed for the benefit of this particular water district only, and allow an indebtedness of more than thirty per cent, or more than six times the amount of indebtedness permissible by statute, even by a vote of the electors of the district. The statute was not passed for the benefit of this particular district. It is a general statute. It limits the entire indebtedness that may be authorized by a vote of three-fifths of the voters of the district to five per centum of the taxable property of the district, which would amount to $25,000. The municipal corporation and its commissioners derive their powers from the

act, and the act nowhere gives them power to incur an indebtedness of thirty per cent, or any other than five per cent, of the taxable property of the district.

Neither the commissioners of the district, the trial court, nor this court have power to extend the plain provisions of the statute beyond their plain language. The attempted bond issue of $168,000 is illegal, and the court should have enjoined the disposition of such bonds.

The judgment is reversed, with directions to grant the decree prayed for.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.