[No. 20586.  En Banc.  August 9, 1927.]

Truman Drum et al., Appellants, v. University Place Water District et al., Respondents, Clear Fir Lumber Company, Intervener.[1]

[1] Constitutional Law (131)—Municipal Corporations (131, 230) —Due Process—Notice of Proceedings and Assessments.  The water district act, Rem. Comp. Stat., §§ 11579 to 11602, providing for the organization of municipal corporations for the sole purpose of supplying residents of the district with water for domestic purposes, violates the due process clause of the constitution in that it provides for fixing the boundaries of the district and the assessment of benefits without any provision for a hearing on the questions of the property to be included or the benefits.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 23, 1926, in favor of the defendants, dismissing an action for injunctive relief.  Reversed.

Leo Teats, Ralph Teats, E. K. Murray, and Hayden, Langhorne & Metzger, for appellants.

D. D. Schneider, and Ellis & Evans, for respondents.

French, J.—The plaintiffs and intervener sought the same relief in the court below, namely, that defendants be restrained from the levying and collection of a tax against their property to pay a part of the cost

[1]Reported in 258 Pac. 505.

of a water system, which water system was to be constructed under the water district act, the same being Rem. Comp. Stat. §§ 11579 to 11602 inclusive [P. C. §§ 7250-1 to 7250-24]. From a judgment of dismissal, this appeal is taken.

The two principal questions raised by the appellants are: First, the constitutionality of the water district act, it being claimed that it violates the provisions of the Fourteenth Amendment to the Federal Constitution; and second, conceding that the act is constitutional, that the plan or system adopted in the instant case is not the comprehensive plan made mandatory by the act itself.

We think the following facts fairly appear from the record:

The boundaries of the district, as evidenced by the petition and ratified by the voters, include approximately 4,500 acres; the district which will be served by the proposed improvement, if built according to the present plan, comprises approximately 400 acres. We think it fairly appears from the record that more than ninety per cent of the inhabitants live within the confines of the limited portion of the district which it is proposed to serve; that the petitioners for the improvement all reside within this limited area, and that the favorable vote at the election held to ratify the proposed district came from this limited area. We think it also appears that the enlarged area was included in order to have sufficient valuation to permit the issuance of enough bonds to secure an ample water system to care for that part of the district now intended to be served. We think it also fairly appears that no provision is made in the contemplated plan for furnishing water to the lands of the appellants.

The election for the purpose of adopting the plan or system and authorizing the issuance of bonds, was

held November 3, 1925, and this action was instituted promptly on February 1, 1926, and attacks the validity of the entire proceeding; so that there is no question of laches and the doctrine of estoppel does not enter into this case.

[1] Generally speaking, all public corporations performing any duties within a restricted area are, to that extent at least, municipal corporations. *Brown Brothers v. Columbia Irrigation District,* 82 Wash. 274, 144 Pac. 74; *Paine v. Port of Seattle,* 70 Wash. 294, 126 Pac. 628, 127 Pac. 580; *Dean v. Davis,* 51 Cal. 406; *People v. LaRue,* 67 Cal. 526, 8 Pac. 84.

That it was the intention of the legislature, in enacting our water district law, that municipal corporations would be created can hardly be questioned, for § 11583 of the act provides:

" . . . and such water district shall then be and become a municipal corporation of the state of Washington,"

and they have heretofore been recognized as such by this court. *Willson v. East Side Water District,* 127 Wash. 97, 219 Pac. 870.

We think it may fairly be said that the corporation organized under the provisions of this act is to a limited extent a municipal corporation. It is, however, organized for but one purpose; to supply the residents of the district with water for domestic uses, a special benefit as that term is generally used. *Oakes Mfg. Co. v. New York,* 206 N. Y. 221, 99 N. E. 540; *Borell v. Cumberland Tel. & Tel. Co.,* 113 La. 630, 63 South. 247; *Henry v. Lincoln,* 93 Neb. 331, 140 N. W. 664; *Piper v. Madison,* 140 Wis. 311, 122 N. W. 730; *Woodward v. Livermore Falls Water District,* 116 Me. 86, 100 Atl., 317; *Esberg Cigar Co. v. Portland,* 34 Ore. 282, 55 Pac. 961.

[2]    The great weight of authority is to the effect that, in the organization of all municipal corporations, the owners of lands sought to be included within the territorial limits of the corporation must be given notice, and given an opportunity to be heard before some impartial board or tribunal.    Abbott's Municipal Corporations, p. 34.    *Territory ex rel. Kelly v. Stewart,* 1 Wash. 98, 23 Pac. 405, 8 L. R. A. 106; *State ex rel. Great Northern R. Co. v. Herschberger,* 117 Wash. 275, 201 Pac. 2.    It will be noticed that, under the provisions of the act in question, the territorial limits of the proposed corporation are fixed by the petitioners. No provision is made for notice to those interested. No opportunity is given for protest, and no board or tribunal has the power to change the territorial boundaries as set out in the petition.

"Where a local improvement territory is selected, and the burden is spread by the legislature or by a municipality to which the state has granted full legislative powers over the subject, the owners of property in the district have no constitutional right to be heard on the question of benefits. *Valley Farms Co. v. Westchester, supra; Hancock v. Muskogee,* 250 U. S. 454, 459; *Withnell v. Construction Co.,* 249 U. S. 63, 69; *Wright v. Police Jury,* 264 Fed. 705.    But it is essential to due process of law that such owners be given notice and opportunity to be heard on that question where, as here, the district was not created by the legislature, and there has been no legislative determination that their property will be benefited by the local improvement." *Browning v. Hooper,* 269 U. S. 396.

Respondent claims, however, that it is a *de facto* corporation and as such immune from an attack such as this.

"The requisites to constitute a corporation *de facto* are three: (1) a charter or general law under which such a corporation as it purports to be might lawfully

be organized; (2) an attempt to organize thereunder; and (3) actual user of the corporate franchise." *Tulare Irrigation District v. Shepard,* 185 U. S. 1.

"An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County,* 118 U. S. 425.

"The foregoing results in the respondent company having no basis for corporate existence but the unconstitutional law, which is not sufficient to support even a *de facto* corporation. The latter can exist only where there is a valid law under which the corporation might have been created *de jure.* It is in the latter situation that the existence of a corporation can only be inquired into by a direct action in the name of the state." *Huber v. Martin,* 127 Wis. 412, 105 N. W. 1031.

This court is committed to the rule above stated.

"  .  .  .  and, being unconstitutional, it is as ineffectual and inoperative as though it had never been passed. *Norton v. Shelby County,* 118 U. S. 425 (6 Sup. Ct. Rep. 1121). It was no law, and the claim of legislative recognition of appellant as a municipal corporation is therefore without foundation, and must fall." *Denver v. Spokane Falls,* 7 Wash. 226, 34 Pac. 926.

This act making no provision for a hearing on the question of the property to be included within the territorial limits of the proposed corporation, and no provision being made for a hearing on the question of the benefits, violates the due process clause of the Fourteenth Amendment to the Federal Constitution.

Judgment reversed.

MACKINTOSH, C. J., MAIN, PARKER, TOLMAN, HOLCOMB, MITCHELL, and ASKREN, JJ., concur.