## WALTER B. BELL *vs.* CITY OF BOSTON.

Suffolk.    October 5, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* In use of way, Contributory.    *Municipal Corporations,* Liability for tort.

Evidence that an employee of a city's water department, while chipping ice with a steel pick off a cast iron cover of a "shut-off" in the highway, hit one of the cast iron "lugs" on the cover, which he knew was brittle, and caused a piece to fly off and strike and injure a traveller on an adjacent sidewalk who had paused to see whether it was safe to pass by and had not been warned of danger, warranted a finding that the employee was negligent and did not require a ruling that the traveller was guilty of contributory negligence.

TORT.    Writ in the Superior Court dated December 1, 1931.

A verdict for the plaintiff in the sum of $7,500 was returned before *Burns,* J.    The defendant alleged an exception.

*W. F. Hennebury,* Assistant Corporation Counsel, for the defendant.

*D. A. Foley,* for the plaintiff.

QUA, J.    As this case is essentially a simple one, it will not be necessary to discuss in detail the somewhat elaborate arguments which have been made on both sides.    The only exception is to the refusal of the trial judge to direct a verdict for the defendant.    The bill of exceptions does not state that it contains all of the evidence pertinent to this exception.    If instead of overruling the exception on this ground, *Manning* v. *Prouty,* 260 Mass. 399, 401, we assume in favor of the defendant that the bill does contain all of the material evidence, still we think there was no error in submitting the case to the jury.

Upon more or less conflicting evidence and upon admis-

sions made at the trial, the jury could have found these facts: Bolton Street, a public way in that part of Boston called South Boston, was about thirteen feet wide between curbs. The sidewalk on the northerly side was three and three tenths feet wide. About three and a half feet from the edge of the sidewalk and flush with the surface of the street was the cast iron cover of a "shut-off" belonging to the city's water system. Upon the upper surface of this cover were raised letters and "lugs" or knobs. After dark on January 16, 1931, employees of the defendant, having occasion in the course of their work for the water department to shut off the water because of a leak in a neighboring basement, discovered that the shut-off cover and the surrounding surface of the street were buried under a coating of ice and began cleaning away this ice with a steel pick and a broom and with the aid of a flashlight in order to find and raise the cover. Pieces of ice flew around in all directions. While this was going on, the plaintiff, on his way to a store, came along the northerly sidewalk of Bolton Street near the place where the men were working. There were no barriers or lanterns. The men were working stooped over three or four feet from the sidewalk. The plaintiff hesitated half a minute to see whether it was safe to go by. Then he heard one blow of the pick. There was a metallic sound, and something hit him in the eye. Later, at a hospital, a small fragment of cast iron was removed from the plaintiff's eye. Cast iron is very brittle, especially when cold. If that cover were struck forcibly with a pick it "would be very probable" that a small piece would chip off. The piece which was removed from the plaintiff's eye looked like a corner of one of the "lugs." The defendant's "emergency man," who was handling the pick, testified that he "had to hit" the cover before he could take the ice off, and that if on a cold day the pick hit one of the "lugs" on the cover with force he would expect that the cast iron might chip and fly off, if the "lugs" were "up aways" and not worn down. The jury might not have believed his further testimony that "there was no force."

Without reciting further details of the evidence or discussing those portions more favorable to the defendant, we are inclined to the opinion that the jury could have found that the piece of iron which injured the plaintiff's eye came from the cover of the "shut-off"; that the defendant's employees were or should have been familiar with the tendency of cast iron to chip under the existing conditions; and that, even if such accidents are not common, there was a want of proper care in failing to warn travellers on the sidewalk of the possible risk or in continuing to strike blows with the pick when the plaintiff was near enough to suffer injury. *Perlman* v. *Burrows*, 270 Mass. 182.

The judge could not properly have ruled as matter of law that the plaintiff was guilty of contributory negligence. In the circumstances shown the plaintiff could reasonably expect to be warned in some way if the defendant's employees were doing anything which might become dangerous to him. It might be found that merely seeing some men chopping ice was not the equivalent of adequate warning. Pausing a short time to ascertain whether he could safely proceed was not necessarily negligent. Upon this branch of the case the defendant had the burden of proof. See *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526, 528. The plaintiff made no fatal admissions.

The defendant conceded that its water department was a "revenue producing department." *Lynch* v. *Springfield*, 174 Mass. 430.

*Exceptions overruled.*