[No. 35928.   Department Two.   August 24, 1961.]

WATER DISTRICT NO. 97, OF KING COUNTY, *Petitioner,* v. WASHINGTON WATERWORKS CORPORATION, *Respondent and Relator,* THE SUPERIOR COURT FOR KING COUNTY, *Story Birdseye, Judge, Respondent.**

*Metzger, Blair & Gardner* and *Brumbach & Hennessey,* for petitioner.

*Johnson, Jonson & Inslee* and *Carl A. Jonson (George C. Inman, Jr.,* of counsel), for respondent.

MALLERY, J.—The petitioner, hereinafter called the water district, brought this action to condemn the waterworks of the respondent-relator corporation, hereinafter called the corporation.

The corporation by certiorari challenges the trial court's decree of public use and necessity.

The water district was organized in 1955 under the

*Reported in 364 P. (2d) 431.

provisions of RCW 57. It served about twenty-three hundred customers from four wells east of Lake Sammamish. In 1959, the water district annexed the contiguous territory served by the corporation, which is larger in area and contains about seven thousand people. It thereupon brought this condemnation action to take over the corporation's waterworks. This acquisition is to be financed by revenue bonds in the amount of five hundred thousand dollars. It has outstanding revenue bonds in the amount of five hundred seventy-five thousand dollars.

RCW 57 does not provide for or require an election as a part of the annexation procedure. The statute was followed meticulously.

The corporation challenges the validity of the annexation upon three grounds.

(1) It contends that the annexation statute in question is invalid because it does not provide for a hearing before an impartial body or for an election. It cites and relies upon *Drum v. University Place Water Dist.*, 144 Wash. 585, 258 Pac. 505, and *Vincent v. Shields*, 158 Wash. 262, 290 Pac. 819.

In the *Drum* case, a property owner sought to restrain a water district from levying and collecting taxes on his property to pay general obligation bonds issued for the construction of a water system. The determinative facts upon which the decision was predicated were that the occupants and owners of four hundred acres of land, in order to secure an ample supply of domestic water for themselves, enlarged the water district to forty-five hundred acres of sparsely settled land for the purpose of increasing the land valuation within the district to the extent necessary to permit the issuance of general obligation bonds for the construction of a water plant. The opinion stated that "no provision is made in the contemplated plan for furnishing water to the lands of the appellants," which was not part of the original four hundred acres.

The *Drum* case held that a water district is a municipal corporation intended to provide special benefits to the

users of domestic water, and that to tax land which did not receive any benefit without "a hearing on the question of benefits, violates the due process clause of the Fourteenth Amendment to the Federal Constitution."

There had been an election in the *Drum* case, but the opinion was in no way concerned with elections. In essence, it held that to tax land deprives the owner of the property without due process of law when he does not participate in the special benefit for which the tax was levied. Accordingly, the court restrained the levying and collection of the tax against the property in question.

*Vincent v. Shields, supra,* followed the rule of the *Drum* case. It restrained the levy and collection of a tax upon property within a water district upon the ground that the owner of the land had not had notice of the proceedings leading up to the organization of the water district, had never lived in the water district, and had used none of the water provided by the district. Thus, the *Vincent* case adhered to the holding of the *Drum* case that a property tax constitutes the taking of property without due process of law where it is levied to provide special benefits in which the owner did not participate.

These cases are not in point because there is no levy and assessment of a tax upon any property in the water district for water district purposes in the instant case.

Water districts, in common with other special-service municipal corporations, have conformed to the rule of the *Drum* case by changing their method of financing from that of issuing general obligation bonds to that of revenue bonds. Revenue bonds, being paid exclusively by those receiving the special benefits provided by the district, do not violate the rule of the *Drum* case.

(2) The corporation seeks an interpretation of RCW 57.16.040, which reads:

"In the same manner as provided for the adoption of the original general comprehensive plan, a plan providing for *additions* and *betterments* to the original general plan may be adopted. Without limiting its generality 'additions and betterments' shall include any necessary change in,

amendment of or addition to the general comprehensive plan.

"The district may incur a general indebtedness payable from annual tax levies to be made in excess of the forty mill limitation for the construction of the additions and betterments in the same way that general indebtedness may be incurred for the construction of the original general plan after submission to the voters of the entire district in the manner the original proposition to incur indebtedness was submitted. Upon ratification the additions and betterments may be carried out by the commissioners to the extent specified in the proposition to incur the general indebtedness.

"The district may issue *revenue bonds* to pay for the construction of the *additions* and the betterments *pursuant to resolution* of the board of water commissioners without submitting a proposition therefor to the voters of the district." (Italics ours.)

■ The corporation asks us to hold that *additions* and *betterments,* as used in the statute, should be limited to *"normal changes* in the district as *originally* constituted." (Italics ours.)

This interpretation would have the effect of excluding the corporation's waterworks from the water commissioners' authority to acquire by resolution, since it was not in the *original* district and is not a normal *change* in the district.

The corporation points out that the annexed territory exceeds the original district in area and in the number of water patrons, and the amount of revenue bonds for the acquisition of the waterworks exceeds in amount the cost of the waterworks in the original district.

If *betterments* were the only word used in the statute, the corporation's argument would be most persuasive, but the word "additions" obviously means something more and different from the original waterworks.

We are not prepared to judicially impose the desired limitation when the legislature did not do so.

(3) The last contention is that the water district should not be allowed to condemn the corporation's property because its authority to act is limited to its own district and

on behalf of its own customers. It relies upon *State ex rel. Public Utility Dist. No. 1 of Skagit County v. Wylie*, 28 Wn. (2d) 113, 182 P. (2d) 706.

This position would be sound if the original district were seeking to condemn the corporation's property. That is not the case, however. The original water district annexed the territory in question in strict conformity with the statute providing for such annexations. The enlarged district then comprised both the original district and the territory annexed. It is this new and larger entity with which we are here concerned. It, therefore, cannot be said that the water district is seeking to serve outside customers or exercise authority beyond its territorial limits. The *Skagit* case is inapplicable here.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

---

October 26, 1961. Petition for rehearing denied.